**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GRACE TAN GO,

          Petitioner,

  v.

ERIC H. HOLDER JR., Attorney General,

          Respondent.

No. 06-71575

Agency No. A095-617-601

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 9, 2011
Pasadena, California

Before: WALLACE and GRABER, Circuit Judges, and MILLS, Senior District
Judge.[**]

    Grace Tan Go petitions for review from a decision of the Board of

Immigration Appeals (Board) denying her claims for asylum, withholding of

---

    [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**] The Honorable Richard Mills, Senior United States District Judge for the
Central District of Illinois, sitting by designation.

removal, and protection under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252(b), and we deny Tan Go's petition.[1]

Substantial evidence supports the Board's denial of Tan Go's claims for asylum and withholding of removal. *See Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007) (reviewing the Board's denial of an applicant's asylum and withholding claims for substantial evidence). Although Tan Go contends that she will be subjected to an illegitimate kidnapping prosecution upon removal to the Philippines, the record does not compel us to conclude that her prosecution is a pretext for government persecution. *See Li v. Holder*, 559 F.3d 1096, 1108 (9th Cir. 2009) (explaining that an alien's fear of being held accountable for criminal conduct "does not necessarily entitle" her to "protection [in] the United States"). According to the record, James King, who operated a drug-trafficking scheme with Tan Go's husband, was stabbed and placed in the trunk of the Gos' car in June 2002. After King alleged that the Gos had kidnapped him, Tan Go and her husband were formally charged by the Philippine government with committing this offense. This evidence is sufficient to support the Board's conclusion that the

---

[1] In a concurrently filed opinion, we address the petition for review filed by Tan Go's husband, Roderick Lim Go.

kidnapping charges against Tan Go were filed as part of an "actual, legitimate, criminal prosecution." *See id.* at 1109.

Similarly, Tan Go's dispute with the King family does not compel the conclusion that "anti-government sympathies" have been attributed to Tan Go. *See Desir v. Ilchert*, 840 F.2d 723, 727 (9th Cir. 1988). Unlike the "government by thievery" controlled by the Ton Ton Macoutes in *Desir*, Tan Go has not demonstrated that the Philippine government and the King family should be treated as one. *See id* at 724, 729. Although the Kings have accused several members of Tan Go's family of committing criminal offenses, and although the King family has allegedly threatened them with violence, Tan Go's family has successfully fought these charges, avoided trial, and remained unharmed. There is nothing in the record demonstrating that the King family has sufficient power and influence over the local government to fulfill its threats of violence against Tan Go. *See id.* at 729.

Finally, we reject Tan Go's CAT and due process claims for the reasons set forth in our decision addressing her husband's nearly identical claims for relief. *See Go v. Holder*, No. 06-71575, Slip Op. at 10–16 (9th Cir. 2011).

**PETITION DENIED.**

3